FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 MAY 19  2: 08

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CATHY ROBERTSON,

    Plaintiff,

CASE NO.: 3:15-cv-625-J-25JBT

-VS-

VIRGINIA COLLEGE, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### INTRODUCTION

2. The TCPA was enacted to prevent companies like VIRGINIA COLLEGE, LLC from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US–, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osario v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

1

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person, and citizen of the State of Florida, residing in Jacksonville, Duval County, Florida.

8. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

9. Defendant is a corporation and a citizen of the State of Alabama, with its principal place of business at 19 W. Garden Street, Pensacola FL 32501.

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (904) 240-7244, and was the called party and recipient of Defendant's hereafter described calls.

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by contacting Plaintiff on her cellular telephone without Plaintiff's prior consent.

12. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

13. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

14. Defendant initiated each of the calls at issue to Plaintiff for the purpose of encouraging the purchase of services by Plaintiff for the financial benefit of Defendant.

15. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

16. Plaintiff does not now, nor has she ever, received services from Defendant.

17. Plaintiff does not now, nor has she ever, entered into a business relationship with Defendant.

18. Plaintiff has never provided her cellular telephone number to Defendant.

19. In or about September of 2014, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (904) 520-7400, (904) 342-1057, (205) 259-9127 and (205) 259-2127.

20. In or about September of 2014, after receiving approximately 5-6 calls from Defendant with a pre-recorded message instructing Plaintiff to contact them regarding enrolling to attend classes at Virginia College, Plaintiff returned a call to the Defendant, spoke to an agent/representative of Defendant, explained that she is not interested in attending college, and demanded that they stop calling her aforementioned cellular telephone number.

21. During the aforementioned September of 2014 phone conversation between the Plaintiff and the agent/representative of Defendant, Plaintiff expressly revoked any express consent Defendant mistakenly believed it may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

22.     Again, on or about November 14, 2014, due to the steady influx of calls to her aforementioned cellular telephone from the Defendant, Plaintiff again called and spoke with an agent/representative of Defendant, and told Defendant that she was not interested in attending college, that she has previously informed them of this fact and previously requested for the calls to stop, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number, to which Defendant's agent/representative apologized and stated that they would place Plaintiff's number on a do not call list.

23.     On at least five (5) separate occasions, Plaintiff has called and spoken with an agent/representative of Defendant, and demanded that Defendant stop calling her aforementioned cellular telephone number.

24.     Each of Plaintiff's requests of the Defendant demanding an end to the harassment were ignored.

25.     From Approximately September of 2014 through the filing of this Compliant, or such a time as will be established by a thorough review of Defendant's records, Defendant has made approximately one-hundred (100) calls to Plaintiff's aforementioned cellular telephone number. [Please see attached **Exhibit A,** demonstrating a non-exclusive call log of phone calls from November 14, 2014 through November 20, 2014.]

26.     From Approximately September of 2014 through the filing of this Compliant, or such a time as will be established by a thorough review of Defendant's records, Plaintiff has received at least twenty (20) separate but identical, pre-recorded voice messages from the Defendant on her aforementioned cellular telephone number.

27.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

4

28. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have her express permission to do so.

29. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed they had.

30. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

31. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

32. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

33. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. Defendant violated the TCPA with respect to the Plaintiff.

35. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I
**(Violation of the TCPA)**

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

38. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Amanda J. Allen*
**Amanda J. Allen, Esquire**
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
aallen@forthepeople.com
*Attorney for Plaintiff*